266 F.2d 56
 PACKAGE MACHINERY COMPANY, a Massachusetts corporation, Plaintiff-Appellant,
v.
HAYSSEN MANUFACTURING COMPANY, a Wisconsin corporation, William A. Hayssen, Henry E. Knoechel, and Alfred Gausman, Defendants-Appellees.
 No. 12513.
 United States Court of Appeals Seventh Circuit.
 May 1, 1959.
 
 Ira Milton Jones, Milwaukee, Wis., Howard J. Churchill, New York City, for appellant.
 Curtis B. Morsell, Milwaukee, Wis., Herbert S. Humke, Sheboygan, Wis., for appellee.
 Before SCHNACKENBERG, PARKINSON and KNOCH, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Package Machinery Company, a Massachusetts corporation, has appealed from an order of the district court entered under the authority of rule 41(b) of the Federal Rules of Civil Procedure,[1] dismissing with prejudice an action brought by it against Hayssen Manufacturing Company, a Wisconsin corporation, William A. Hayssen, Henry E. Knoechel, and Alfred Gausman.
 
 
 2
 The proceedings culminating in the dismissal order appear in the opinion of the district judge, 164 F.Supp. 904. The ready availability of that opinion to the bench and bar makes unnecessary a recital of those proceedings by us.
 
 
 3
 Plaintiff's action was commenced on January 20, 1955, and the order involved in this appeal was entered September 9, 1958. During the proceedings in the district court, covering a period of 3 years 7 months, the efforts of that court were exerted to compel plaintiff to make a more specific statement of the trade secrets which in its complaint it had charged, only in a general way, were obtained and utilized by defendants. As the district court said, at page 910:
 
 
 4
 "The court was not required to stand by and permit plaintiff to rest on its general statements of claimed trade secrets and await the outcome of a long expensive trial to see what the alleged trade secrets were. * * Nor should the defendants have to wait until plaintiff puts in its case to see what it has to defend against.
 
 
 5
 "Throughout the many motions concerning whether plaintiff has made a definite enough statement of its claimed trade secrets, counsel for the plaintiff has repeatedly retreated to the position that he need only state so much as to enable the defendants to plead. Suffice it to say that counsel seems unaware of Rule 16[2] and the purpose of pre-trial conferences to eliminate unnecessary lengthy trials."
 
 
 6
 We are convinced that plaintiff's unyielding determination not to define the trade secrets which it claimed were pirated by defendants was solidly arrayed against the almost inexhaustible patience of the district judge, who insisted that plaintiff comply with the court's orders. For a considerable period of time, plaintiff's determination prevailed. But, fortunately, the court overcame the inertia in the situation created by plaintiff; it was able to protect itself by invoking rule 41(b) which authorized it to enter the order of dismissal with prejudice, of which plaintiff now complains. We hold that this order was properly entered and it is hereby affirmed.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C.A. Rule 41(b)
 
 
 [2]
 28 U.S.C.A. Rule 16